IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| CHARLES WHITE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | CIVIL NO. 10-cv-332-JPG |
| | ) | |
| DOCTOR SUNEJA, et al., | ) | |
| | ) | |
| Defendants. | ) | |

MEMORANDUM AND ORDER

**GILBERT, District Judge:**

Plaintiff Charles White, formerly an inmate in the Menard Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening.**– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal.**– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
> > (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
> > (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A. An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Upon careful review of the

complaint and any supporting exhibits, the Court finds it appropriate to exercise its authority under § 1915A; portions of this action are subject to summary dismissal.

### THE COMPLAINT

White states that he declared a hunger strike on July 23, 2008, due to "abuse of authority." When White persisted in his hunger strike, an unnamed doctor (a John Doe defendant in this action) inserted a feeding tube on a daily basis from September 6 through November 9, 2008.  White states that even though he did not resist this force-feeding process, the feeding tube caused his nose and throat to bleed constantly, in addition to the choking and coughing he experienced.  As the hunger strike persisted, Defendant Suneja prescribed psychotropic medication for White, which was forcibly injected by Defendant Foutch against White's express wishes.

### DISCUSSION

White alleges that the actions of Suneja, Foutch, and the John Doe doctor constitute cruel and unusual punishment, in violation of his rights under the Eighth Amendment.

*Force-Feeding*

The Court is not aware of any specific guarantee under the First Amendment, or any other constitutional provision, that protects inmate hunger strikes. The Seventh Circuit has frowned upon inmate coercive tactics like hunger strikes. *See Freeman v. Berge,* 441 F.3d 543, 546 (7th Cir. 2006) ("[a] prison cannot be forced by such tactics to change an otherwise reasonable rule").  Illinois courts have gone further to specifically hold that the I.D.O.C. does not violate an inmate's constitutional rights in seeking a court order to force feed an inmate on a hunger strike.  *See People ex rel. Illinois Dept. of Corrections v. Millard,* 782 N.E.2d 966, 969 (Ill.App.Ct. 2003).  As stated by the Illinois Court of Appeals,

> Defendant was not on a hunger strike as a means of demonstrating on behalf of some political cause or religious belief. His "cause," as is most commonly the case in hunger strike situations in prison, was to manipulate the system, to gain the attention of prison officials with the hope of making his confinement easier. We do not condone such manipulative behavior in our prison system. At the same time, however, we respect an individual's right to privacy and the right to control one's own body. *See Thor v. Superior Court,* 5 Cal.4th 725, 734-38, 855 P.2d 375, 380-83, 21 Cal.Rptr.2d 357, 362-65 (1993) (a person's interest in personal autonomy and self-determination is a fundamentally commanding one, with well-established legal and philosophical underpinnings). While in the Department's custody, however, an inmate's right to privacy must be balanced against the Department's interest in maintaining an orderly and disciplined institution. Because the Department's interest in prison administration is the controlling factor here, we hold that the Department may force-feed a hunger-striking inmate, whose only purpose is to attempt to manipulate the system so as to avoid disruptive or otherwise detrimental effects to the orderly administration of our prison system.

*Id.* at 972. The Seventh Circuit has agreed that a prison cannot allow a prisoner to starve himself to the point of causing great bodily harm, and that at some point the prison may be required to force feed a prisoner "to prevent him from seriously endangering his health." *Freeman,* 441 F.3d at 546.

Thus, White has failed to state a claim against the John Doe doctor who administered the feeding tube, and he is dismissed from this action with prejudice.

### *Psychotropic Medications*

In *Washington v. Harper*, 494 U.S. 210 (1990), the Supreme Court held that a prisoner has "a significant liberty interest in avoiding the unwanted administration of antipsychotic drugs under the Due Process Clause of the Fourteenth Amendment." *Id.* at 221-22. However, the "Clause permits the State to treat a prison inmate who has a serious mental illness with antipsychotic drugs against his will, if the inmate is dangerous to himself or others and the treatment is in the inmate's medical interest." *Id.* at 227. *See also Fuller v. Dillon*, 236 F.3d 876, 881-82 (7th Cir. 2001);

*Sullivan v. Flannigan*, 8 F.3d 591 (7th Cir. 1993).

> *Harper* emphasized several aspects of an inmate's right to refuse drug treatment.  First, to administer involuntary treatment the state must find that medication is in the prisoner's medical interest (independent of institutional concerns).  494 U.S. at 227, 110 S.Ct. at 1039.   Second, the tribunal or panel that reviews a treating physician's decision to prescribe forced medication must exercise impartial and independent judgment, taking account of the inmate's best interest.  *Id.* at 222, 233, 110 S.Ct. at 1036, 1042; *compare id.* at 250-53, 110 S.Ct. at 1051-53 (Stevens, J., dissenting).  Third, the prisoner must be able to argue capably before a review tribunal that he does not need forced medication.  *Id.* at 233, 110 S.Ct. at 1042.  If the state failed to meet these requirements in a particular case, the prisoner could argue that he was denied *Harper's* protections.

*Sullivan*, 8 F.3d at 598.

Under these standards, the Court is unable to dismiss the claims against Suneja or Foutch at this time.

### *Defendant Ziegler*

White has included Lieutenant Ziegler as a defendant in this action, but the complaint contains no allegations against him.  Merely invoking the name of a potential defendant is not sufficient to state a claim against that individual.  *See Collins v. Kibort*,143 F.3d 331, 334 (7th Cir. 1998) ("A plaintiff cannot state a claim against a defendant by including the defendant's name in the caption.").  Accordingly, Ziegler will be dismissed from this action.

#### DISPOSITION

**IT IS HEREBY ORDERED** that Defendants **ZIEGLER** and **UNKNOWN MEDICAL DOCTOR**, and the **CLAIM REGARDING FORCE-FEEDING**, are **DISMISSED** from this action with prejudice.

**IT IS FURTHER ORDERED** that Plaintiff shall complete and submit a USM-285 form

for Defendants **SUNEJA** and **FOUTCH** within **THIRTY (30) DAYS** of the date of entry of this Memorandum and Order.  The Clerk is **DIRECTED** to send Plaintiff **TWO (2)** USM-285 forms with Plaintiff's copy of this Memorandum and Order.  **Plaintiff is advised that service will not be made on a defendant until Plaintiff submits a properly completed USM-285 form for that defendant.**

The Clerk is **DIRECTED** to prepare Form 1A (Notice of Lawsuit and Request for Waiver of Service of Summons) and Form 1B (Waiver of Service of Summons) for Defendants **SUNEJA** and **FOUTCH**.  The Clerk shall forward those forms, USM-285 forms submitted by Plaintiff, and sufficient copies of the complaint to the United States Marshal for service.

The United States Marshal is **DIRECTED**, pursuant to Rule 4(c)(2) of the Federal Rules of Civil Procedure, to serve process on Defendants **SUNEJA** and **FOUTCH** in the manner specified by Rule 4(d)(2) of the Federal Rules of Civil Procedure.  Process in this case shall consist of the complaint, applicable forms 1A and 1B, and this Memorandum and Order.  For purposes of computing the passage of time under Rule 4(d)(2), the Court and all parties will compute time as of the date it is mailed by the Marshal, as noted on the USM-285 form.

With respect to former employees of Illinois Department of Corrections who no longer can be found at the work address provided by Plaintiff, the Department of Corrections shall furnish the Marshal with the Defendant's last-known address upon issuance of a court order which states that the information shall be used only for purposes of effectuating service (or for proof of service, should a dispute arise) and any documentation of the address shall be retained only by the Marshal. Address information obtained from I.D.O.C. pursuant to this order shall not be maintained in the court file, nor disclosed by the Marshal.

The United States Marshal shall file returned waivers of service as well as any requests for waivers of service that are returned as undelivered as soon as they are received. If a waiver of service is not returned by a defendant within **THIRTY (30) DAYS** from the date of mailing the request for waiver, the United States Marshal shall:

- Request that the Clerk prepare a summons for that defendant who has not yet returned a waiver of service; the Clerk shall then prepare such summons as requested.

- Personally serve process and a copy of this Order upon the defendant pursuant to Rule 4 of the Federal Rules of Civil Procedure and 28 U.S.C. § 566(c).

- Within ten days after personal service is effected, the United States Marshal shall file the return of service for the defendant, along with evidence of any attempts to secure a waiver of service of process and of the costs subsequently incurred in effecting service on said defendant. Said costs shall be enumerated on the USM-285 form and shall include the costs incurred by the Marshal's office for photocopying additional copies of the summons and complaint and for preparing new USM-285 forms, if required. Costs of service will be taxed against the personally served defendant in accordance with the provisions of Federal Rule of Civil Procedure 4(d)(2) unless the defendant shows good cause for such failure.

Plaintiff is **ORDERED** to serve upon defendant or, if appearance has been entered by counsel, upon that attorney, a copy of every further pleading or other document submitted for consideration by this Court. He shall include with the original paper to be filed with the Clerk of the Court a certificate stating the date that a true and correct copy of any document was mailed to defendant or his counsel. Any paper received by a district judge or magistrate judge which has not been filed with the Clerk or which fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint, and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this cause is **REFERRED** to a United States Magistrate

Judge for further pre-trial proceedings.

Further, this entire matter is hereby **REFERRED** to a United States Magistrate Judge for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral.*

Plaintiff is **ADVISED** of his continuing obligation to keep the Clerk and each opposing party informed of any change in his whereabouts during the pendency of this action.  This notification shall be done in writing and not later than seven (7) days after a transfer or other change in address occurs.  Failure to provide such notice may result in dismissal of this action.  *See* FED.R.CIV.P. 41(b).

**IT IS SO ORDERED.**

**Dated: November 15, 2010.**

**s/ J. Phil Gilbert**
**U. S. District Judge**