UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| CHARLES WHITE,<br><br>    Plaintiff,<br><br>  v.<br><br>DOCTOR SUNEJA, LINDA A FOUTCH, LIEUTENANT ZIEGLER and UNKNOWN PARTY,<br><br>    Defendants. | Case No. 10-cv-332-JPG |

## MEMORANDUM AND ORDER

This matter comes before the Court on a letter received in chambers from plaintiff Charles White. The Court **DIRECTS** the Clerk of Court to file the letter on the docket sheet as a "Letter" and to **STRIKE** it immediately thereafter. White submitted this document *pro se*, although he is represented by an attorney. A defendant does not have a right to file his own documents when he is represented by counsel. *See Hayes v. Hawes*, 921 F.2d 100, 102 (7th Cir. 1990) (*per curiam*). "Representation by counsel and self-representation are mutually exclusive." *Cain v. Peters*, 972 F.2d 748, 750 (7th Cir. 1992). So-called "hybrid representation" confuses and extends matters at trial and in other proceedings and, therefore, it is forbidden. *See United States v. Oreye*, 263 F.3d 669, 672-73 (7th Cir. 2001). The Court may strike as improper any such *pro se* documents. *See, e.g., United States v. Gwiazdzinski*, 141 F.3d 784, 787 (7th Cir. 1998).

Additionally, the Court notes that this is not the first *pro se* document White has sent to chambers. The Court reminds White that, even if he were proceeding *pro se* and therefore able to submit his own filings, he must submit them to the Clerk of Court, not to chambers, and must include the case caption at the beginning of the document, *see* Fed. R. Civ. P. 7(b)(2) & 10(a).

**IT IS SO ORDERED.**
**DATED: December 13, 2010**

                                    s/ J. Phil Gilbert
                                    **J. PHIL GILBERT**
                                    **DISTRICT JUDGE**