UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

CHARLES WHITE,

    Plaintiff,

    v.

DOCTOR SUNEJA, *et al.*,

    Defendants.

Case No. 10-cv-332-JPG

## MEMORANDUM AND ORDER

This matter comes before the Court on plaintiff Charles White's motion to modify the Court's dismissal of Count I to without prejudice and to reconsider its order denying him leave to file an amended complaint (Doc. 43).

White's original complaint included the following with respect to Count I:

> The Medical Doctor place a feeding tube in and out of my body every day after each meal for over 55 days, from 9/6/08 to 11/9/08 when the tube was not malfunctioning and I did not resist the force feeding process! The changing of the feeding tube cause my nose and throat to constantly bleed and choking and coughing! [sic]

In its November 15, 2010, order (Doc. 7), the Court construed this as a complaint that White was force-fed through a feeding tube and dismissed that count with prejudice. White states that he does not quarrel with the right of the defendants to force-feed him but believes the force-feedings were not conducted in an appropriate and humane manner and that they therefore violated the Eighth Amendment's prohibition on cruel and unusual punishment.

After reviewing the complaint again, the Court believes it could be construed either as a claim regarding the fact of force-feeding *or* the manner of force-feeding. The Court's disposition of the first theory with prejudice in its November 15, 2010, order remains correct and will not be reconsidered. However, in its initial review of the case the Court failed to recognize the second

theory, which states a potentially viable claim. The Court must now determine whether amendment to clarify that theory is appropriate.

Because the time for amendment as a matter of right has passed, whether White should be allowed to amend his complaint is governed by Federal Rule of Civil Procedure 15(a)(2). Rule 15(a)(2) provides that a plaintiff may amend his pleading only with the opposing parties' written consent, which White has not obtained, or leave of court, which the Court should freely give when justice requires. Although the text of the rule has changed in recent years, the rule still "reflects a policy that cases should generally be decided on the merits and not on the basis of technicalities." *McCarthy v. Painewebber, Inc.*, 127 F.R.D. 130, 132 (N.D. Ill. 1989); *see Diersen v. Chicago Car Exch.*, 110 F.3d 481, 489 (7th Cir. 1997); *Woods v. Indiana Univ.-Purdue Univ.*, 996 F.2d 880, 883 (7th Cir. 1993). Generally, the decision whether to grant a party leave to amend the pleadings is a matter left to the discretion of the district court. *Orix Credit Alliance v. Taylor Mach. Works*, 125 F.3d 468, 480 (7th Cir. 1997); *Sanders v. Venture Stores*, 56 F.3d 771, 773 (7th Cir. 1995). A court should allow amendment of a pleading except where there is undue delay, bad faith, dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, or futility of the amendment. *Bausch v. Stryker Corp.*, 630 F.3d 546, 562 (7th Cir. 2010) (citing *Airborne Beepers & Video, Inc. v. AT & T Mobility LLC*, 499 F.3d 663, 666 (7th Cir. 2007)).

The interests of justice weigh in favor of allowing White to amend his pleading to include his manner of force-feeding theory. *See* Fed. R. Civ. P. 15(a)(2). White attempted to plead this claim in his original pleading and appears to have worked diligently to identify those he believes were responsible for the alleged wrong. Rather than allowing the claim to remain dismissed as a

result of the Court's misunderstanding of White's original complaint, the Court will allow White to amend his complaint to more precisely plead the manner of force-feeding claim and to identify the John Doe defendant(s) in that claim. In so ruling, the Court makes no judgment as to the viability of the manner of force-feeding claim in light of the statute of limitations or any other defense, which the defendants may raise at the appropriate time.

For the foregoing reasons, the Court **GRANTS in part** and **DENIES in part** White's motion to modify the Court's dismissal of Count 1 to without prejudice and to reconsider its order denying him leave to file an amended complaint (Doc. 43). To the extent Count 1 alleges a claim regarding the fact of force-feeding, the Court's prior disposition remains. However, White may include a repled Count 1 asserting a manner of force-feeding claim in the amended pleading allowed in Magistrate Judge Frazier's August 3, 2011, order.

**IT IS SO ORDERED.**
**DATED: August 15, 2011**

> s/ J. Phil Gilbert
> **J. PHIL GILBERT**
> **DISTRICT JUDGE**